IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRESHADRA M. WILLHOITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.   CIV-07-529-L |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 and her application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

Plaintiff filed protectively filed her applications for DIB and SSI on August 19, 2003, alleging a disability since August 1, 2002 (TR. 58-60, 440-443). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 26, 27, 444, 448). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an Administrative Law Judge (ALJ) on April 18, 2006 (TR. 455-484). At the hearing, the Plaintiff appeared in person with her attorney and offered her testimony in support of the applications (TR. 460-478). A vocational expert (VE) testified at the request of the ALJ (TR. 478-483). The ALJ issued her decision on July 28, 2006 finding that Plaintiff was not disabled and was therefore not entitled to DIB or SSI. (TR. 18-23). The Appeals

Council denied the Plaintiff's request for review on March 2, 2007, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 7-9).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted).*

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability applications the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 20). At step two, the ALJ concluded that Plaintiff's bipolar disorder and high blood pressure were severe impairments (TR. 20). At step three, the ALJ found that the Plaintiff's impairments did not meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 20). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 22). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 23).

On appeal to this Court, Plaintiff alleges the following: (I) That the ALJ erred by failing to recognize all of Plaintiff's diagnosed impairments as severe; (II) that the ALJ erred by formulating a RFC assessment which failed to include all of Plaintiff's limitations; and (III) that the ALJ made an improper credibility assessment.

In October 2004, Plaintiff was referred to a neurologist, Nabila H. El Zind, M.D., who found that Plaintiff had headaches, loss of vision, memory problems, mood swings, blackouts, change in personality, trouble with coordination and depression (TR. 318). Dr. El Zind's impression was of vascular headache, blackouts, loss of memory and bipolar disorder (TR. 320). Dr. El Zind's diagnosis indicated the need for additional information in order to "Rule out seizures"; and further called for an EEG (TR. 320). Thereafter, Dr. El Zind reported that Plaintiff had a normal EEG and prescribed medication for her condition.

Plaintiff was examined by her treating physician, Karen L. Shafer, D.O., in July 2005 (TR. 394). Dr. Shafer discussed Plaintiff's petit mal seizure disorder with her and adopted Dr. El Zind's diagnosis of seizure disorder (TR. 394). In August 2005, following an EEG and MRI, Dr. El Zind reported that Plaintiff had been diagnosed with seizures and bi-polar disorders (TR. 300, 328). Dr. El Zind concluded that Plaintiff "is not stable and cannot manage daily life without severe stress and depression" (TR. 300). Dr. El Zind further concluded that Plaintiff was "considered to be 100% disabled" (TR. 300).

On appeal Plaintiff has made several assertions of error---most of which stem from the Commissioner's failure to acknowledge at step two that Plaintiff's seizure disorder was a severe impairment. Step two of the Sequential Evaluation Process, is governed by the Secretary's "severity regulation." *Bowen v. Yuckert*, 482 U.S. 137,140-41 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). The "severity regulation" provides that:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Secretary] will find that you do not have a

severe impairment and are, therefore, not disabled. [The Secretary]
will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). Pursuant to this regulation, claimant must make a "threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." *Williams*, 844 F.2d at 751. This threshold determination is to be based on medical factors alone. Vocational factors, such as age, education, and work experience, are not to be considered. *Bowen*, 482 U.S. at 153; *Williams*, 844 F.2d at 750.

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1520(b). These abilities and aptitudes include the following:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;
>
> (3) Understanding, carrying out, and remembering simple instructions;
>
> (4) Use of Judgment;
>
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
>
> (6) Dealing with changes in a routine setting.

20 C.F.R. § 404.1521(b).

Plaintiff's burden on the severity issue is *de minimis*. *Williams*, 844 F.2d at 751. As the United States Supreme Court explains, the Secretary's severity regulation

> increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are **so slight** that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account.

*Bowen*, 482 U.S. at 153 (emphasis added). The Secretary's own regulations state that

> [g]reat care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the

> individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.

Social Security Ruling 85-28 (1985). In other words, step two "is an administrative convenience [used] to screen out claims that are 'totally groundless' solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam) (quoting *Farris v. Secretary of HHS*, 773 F.2d 85, 89 n. 1 (6th Cir. 1985)).

The record contains medical evidence of Plaintiff's seizure disorder, its treatment, and its impact on Plaintiff's ability to do basic work activities. Thus, it is apparent that the ALJ erred in not finding at step two that Plaintiff's seizure disorder was severe and further erred in not considering Plaintiff's seizure disorder in determining her RFC. The ALJ's finding at step two taints the RFC determination and the balance of the sequential evaluation, therefore, Plaintiff's remaining assertions of error will not be addressed in the report and recommendation. However, on remand, the ALJ should consider Plaintiff's seizure disorder in formulating her RFC and in completing the remaining steps of the sequential evaluation process.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 7th day of April, 2008.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE